IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:18cr30-HSO-RHW-3** |
| | § | |
| | § | |
| **MANUEL PULIDO RODAS** | § | |

## ORDER DENYING DEFENDANT MANUEL PULIDO RODAS'S MOTION [198] FOR COMPASSIONATE RELEASE

BEFORE THE COURT is Defendant Manuel Pulido Rodas's Motion [198] for Compassionate Release. For the reasons that follow, the Court finds that the Motion should be denied.

## I. BACKGROUND

On August 7, 2018, Defendant Manuel Pulido Rodas ("Defendant" or "Rodas") pleaded guilty to Count 1 of the Indictment in this case pursuant to a Plea Agreement with the Government. Count 1 charged that Rodas and his co-Defendants

> did knowingly and intentionally conspire with each other and others known and unknown, to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled [substance], in violation of Title 21, United States Code, Section 841(a)(1).
>
> All in violation of Title 21, United States Code, Section 846.

Indictment [36] at 1. On December 17, 2018, the Court sentenced Rodas to a 262-month term of imprisonment, followed by 5 years of supervised release. *See* J.

[131].  Rodas filed a direct appeal, which was dismissed as frivolous.  *See* Op. [175] at 1-2.  Rodas, who is 37 years old, is presently incarcerated at Federal Correctional Institution II in Oakdale, Louisiana ("Oakdale II FCI").  *See* Mot. [198] at 1. According to Rodas, he has now served approximately four years of his term of incarceration.  *See id.* at 2.[1]  Rodas's anticipated release date is October 18, 2036. *See* Reply [206] at 1.

Rodas has filed the present Motion [198] for Compassionate Release asserting that extraordinary and compelling reasons justify his early release from incarceration.  *See id.* at 3.  He contends that the Court should grant him a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)

> because of the need to prevent the spread of COVID-19, Rodas's 84-year-old ailing Mother, the injustice of [sic] Mr. Rodas, Mr. Rodas's underlying medical conditions, his age now and his youth at the time of the offense, and his significant rehabilitation over the significant length of time that Mr. Rodas has already served in prison.

*Id.*

The Government opposes Rodas's request.  *See* Resp. [203].  It first argues that Rodas has not shown any extraordinary and compelling reasons supporting a sentence reduction, and that even if he has, Rodas "has not met his burden to show that a reduction is warranted in light of the danger that Defendant would pose to the community and the relevant § 3553(a) factors."  *Id.* at 10.

---

[1] Elsewhere in the Motion, Rodas states that he "has served more than ten years of his sentence imposed following his conviction."  Mot. [198] at 7.  Given that Rodas was sentenced in December 2018, the four-year estimate appears to be more accurate.  *See id.* at 2; *see also* PSR [124] at 11-17 (filed under seal) (stating that Rodas had been in custody since January 30, 2018).

In Reply, Rodas cites the proliferation of COVID-19 infections within jails and prisons, including at his facility,[2] and he maintains that his individual circumstances place him at risk such that he should be released.  *See* Reply [206] at 7.  Rodas states that his "request is based not only on the dangers of COVID-19 at his BOP facility, but the hardship that has created for him and his family.  Specifically, as attested by Mr. Rodas, his release is necessary to allow him to provide care to his elderly mother."  *Id.*

## II.  DISCUSSION

### A.  Relevant legal authority

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).  The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles.
> First, "extraordinary and compelling reasons" must justify the reduction
> of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Second, the reduction must
> be "consistent with applicable policy statements issued by the
> Sentencing Commission."  *Id.* § 3582(c)(1)(A).  Finally, the prisoner must
> persuade the district court that his early release would be consistent
> with the sentencing factors in 18 U.S.C. § 3553(a).  *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

---

[2]  In his Reply, Rodas cites statistics concerning the Federal Correctional Institution in Phoenix, Arizona, *see* Reply [206] at 7, but as the Court has stated, Rodas is currently incarcerated at Oakdale II FCI, *see* Mot. [198] at 1; *see also* https://www.bop.gov/inmateloc/ (listing Rodas's location as Oakdale II FCI) (last accessed June 29, 2022).

In considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  A "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Jackson*, 27 F.4th at 1089.

While the commentary to United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 does not bind a court, it "may inform the district court's analysis" on the merits of a compassionate release request.  *Id.* at 1090 (quotation omitted); *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021).   "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'"  *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)).

B.    Whether "extraordinary and compelling reasons" warrant a sentence reduction for Rodas

1.    Rodas's health

Rodas's medical records do not reflect that he suffers from any life-threatening medical ailments.  *See* Ex. [204] (filed restricted access).  In his Motion [198], he generically refers to his "underlying medical conditions" and "the need to prevent the spread of COVID-19."  Mot. [198] at 3.  Rodas states that his "medical records reflect [that] Mr. Rodas has a medical issue, which the CDC would likely state makes individuals immunocompromised and therefore more susceptible to serious illness or death should they contract COVID-19."  *Id.* at 4.  While the Motion

4

is not completely clear, the only medical issues to which Rodas appears to be referring are having a body mass index ("BMI") higher than 30 and being a former smoker. *See id.* at 4-5; *see also* Ex. [204] at 2 (filed restricted access) (stating Rodas's BMI is 40.5).

To the extent Rodas contends that his medical conditions necessitate his release, this Court has held that "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, No. 1:17-CR-110-LG-RHW, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020), *aff'd*, 840 F. App'x 804 (5th Cir. 2021) (collecting cases); *see also United States v. Raiford*, No. 2:03-CR-25-KS-MTP, 2020 WL 5535368, at *2 (S.D. Miss. Sept. 15, 2020), *appeal dismissed*, No. 20-60883, 2021 WL 1111314 (5th Cir. Feb. 17, 2021). In addition, the medical evidence here supports the conclusion that Rodas is capable of self-care while incarcerated and that he has access to services to address his medical conditions. *See* Ex. [204] (filed restricted access).

The Government also points out that Rodas has now been fully vaccinated and boosted against COVID-19, which reduces his susceptibility to the disease and further weakens his argument that his medical conditions constitute extraordinary and compelling reasons warranting release. *See* Resp. [203] at 1, 10-19; Ex. [204] (filed restricted access) (documenting Rodas's immunizations); *see also, e.g., United States v. Pryor,* No. 1:14cr62-LG-JCG, 2021 WL 5570595, at *1 (S.D. Miss. Nov. 29,

2021) (holding that a prisoner's concerns of severe illness from COVID-19 were unconvincing and did not justify release, as "[c]ourts in this Circuit have found that COVID-19 vaccines 'keep you from getting and spreading the virus that causes COVID-19,' and 'also help keep you from getting seriously ill even if you do get COVID-19'" (quoting *United States v. White*, No. 11-287, 2021 WL 3021933, at *4 (E.D. La. July 16, 2021)); *United States v. Forman*, No. 4:15-CR-129(6), 2021 WL 1536491, at *7 (E.D. Tex. Apr. 16, 2021) (recognizing that "[i]n the Fifth Circuit and elsewhere, courts have denied early release to inmates with a variety of medical conditions who have been vaccinated for COVID-19") (collecting cases). Rodas's conclusory allegations to the contrary are not persuasive. *See, e.g.,* Mot. [198] at 3-6; Reply [206] at 1, 8.[3]

Simply put, Rodas "does not face the kind of heightened vulnerability to COVID that might warrant compassionate release under § 3582(c)(1)(A)(i)." *United States v. Fierro*, No. 21-40566, 2022 WL 2357078, at *1 (5th Cir. June 30, 2022). Rodas has not shown that his medical conditions constitute an extraordinary and compelling reason justifying release.

---

[3] Moreover, Rodas's medical records reflect that he in fact suffered from a COVID-19 infection about three months prior to filing his current Motion [198]. *See* Ex. [204] at 7 (filed restricted access) (stating Rodas was "isolated from 1-28-2022 to 2-7-2022 for positive covid swab"). To the extent Rodas argues that his age places him at risk for COVID-19, he is only 37, so this argument is likewise unpersuasive. *See, e.g., United States v. Gowdy,* 832 F. App'x 325, 326 (5th Cir. 2020) (stating "there is no indication that age 45 is a particularly risky age when suffering from COVID-19").

2.    The need to care for his mother

Rodas claims that he needs to be released in order to care for his "84-year-old ailing Mother."  Mot. [198] at 3; *see* Reply [206] at 7.   According to Rodas, his mother suffers from Alzheimer's disease and is confined to a bed 24-hours a day, has had "increasingly significant medical issues for many years," and "has a bad prognosis for life and function." Mot. [198] at 6 (quotation omitted).  Rodas states that "he is the only available child who can aide his mother," and "of his siblings, he is the only one who could provide end-of-life care" to his mother.  *Id.* at 6-7.

The Court is not persuaded that this constitutes an extraordinary and compelling reason warranting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A). While Rodas may be the only one of his mother's children who can care for her, he has not shown that there are no other individuals who are potential alternative caregivers.  *See* Resp. [203] at 19 (collecting cases).  The Court is sympathetic to Rodas's mother's health issues, but he has not adequately demonstrated that any need for him to care for his mother constitutes an extraordinary and compelling reason justifying release.

C.    Whether the § 3553(a) factors weigh in favor of early release

Even if Rodas had presented evidence of an extraordinary and compelling reason under § 3582(c)(1)(A), the § 3553(a) factors weigh strongly against his release give the record in this case.  Relevant factors include, among other things, the nature and circumstances of the offense of conviction and the history of Defendant, and the need for the sentence imposed to reflect the seriousness of the

offense, to afford adequate deterrence, and to protect the public. *See* 18 U.S.C. § 3553(a).

According to the Presentence Investigation Report ("PSR") prepared in this matter, Rodas had a criminal history score of zero under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), resulting in a criminal history category of I. *See* PSR [124] at 18 (filed under seal). After the Court resolved Rodas's objections to the PSR at sentencing, his total offense level under the Guidelines was 39, resulting in an imprisonment range of 262 to 327 months. Rodas was sentenced to 262-months imprisonment, followed by five years of supervised release. *See* J. [131] at 2-3.

Based upon his current projected release date of October 18, 2036, *see* Reply [206] at 1, Rodas has approximately 171 months remaining to serve on his term of imprisonment, meaning that he has served approximately only 35% of his total sentence. The Court considers significant here the seriousness of the offense of conviction and the relatively short length of time Rodas has served for his crime. In addition, considering the totality of the record before it, the Court finds that releasing Rodas from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a). As the Fifth Circuit has noted, courts that have granted compassionate release to high-risk inmates with preexisting conditions "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple,

severe, health concerns." *Thompson*, 984 F.3d at 434-35.  Rodas certainly has not served the lion's share of his sentence.  *But see id.*

In seeking compassionate release, Rodas also refers briefly to "his age now and his youth at the time of his offense, and his significant rehabilitation over the significant length of time that Mr. Rodas has already served in prison."  Mot. [198] at 3.   The Court does not find that either of these factors weigh in favor of early release.  *See* 18 U.S.C. § 3553(a)(1).  The count of conviction relates to conduct occurring in 2018.  Indictment [36] at 1.  Rodas was approximately 33 years old at that time.  *See* PSR [124] at 2 (filed under seal).  This does not weigh in favor of compassionate release,[4] nor does the Court find persuasive any alleged rehabilitation by Rodas given the specific facts of this case.[5]

In sum, the Court considers significant the nature and circumstances of the offense of conviction and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public. *See* 18 U.S.C. § 3553(a).  Considering the totality of the record before it, the Court finds that Rodas's Motion [198] is not well taken and should be denied.

---

[4]  18 U.S.C. § 3582(c)(1)(A)(ii) permits a court to reduce a term of imprisonment for a defendant at least 70 years of age, subject to other requirements.  *See* 18 U.S.C. § 3582(c)(1)(A)(ii).  Rodas clearly does not meet this age requirement.  *See id.*  While not binding on the Court, it is noteworthy that the commentary to U.S.S.G. § 1B1.13 considers an extraordinary and compelling reason to exist when a defendant is at least 65 years old, has a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. *See* U.S.S.G. § 1B1.13 app. n. 1(B).  Rodas is well below these thresholds.  *See id.*

[5]  In delineating the duties of the United States Sentencing Commission to promulgate general policy statements concerning sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) and describe what should be considered "extraordinary and compelling reasons for sentence reduction," Congress has stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).

III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant

Manuel Pulido Rodas's Motion [198] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 13th day of July, 2022.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

10